IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JOSEPH ELLIS JONES, III, | ( | |
| Plaintiff, | ( | |
| v. | ( | No. 2:14-cv-02295-JDT-tmp |
| CITY OF MEMPHIS, et al., | ( | |
| Defendants. | ( | |

ORDER DISMISSING COMPLAINT,
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

On April 25, 2014, Plaintiff, Joseph Ellis Jones, III a/k/a Joseph Ellis Jones-Cage, III a/k/a Joseph Ellis Jone-Cage, III, booking number 13114127, a pretrial detainee at the Shelby County Criminal Justice Complex ("Jail") in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) In an order issued on April 28, 2014, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the defendants as the City of Memphis,[1] of Memphis Mayor AC Wharton, Shelby County,[2] Shelby County Mayor Mark Luttrell, the State

---

[1] Governmental departments, divisions, and buildings are not suable entities. Therefore, the Court construes the allegations against the Memphis Health Department as an attempt to make a claim against the City of Memphis. *See generally Hafer v. Melo*, 502 U. S. 21 (1991). The Clerk is directed to terminate the Memphis Health Department as a defendant.

[2] The Court construes the allegations against the Shelby County District Attorneys' Office, the Shelby County Public Defenders' Office, the Shelby County Sheriff's Office, the Shelby County Criminal Court Clerk's Office, Shelby County Criminal Courts, the Shelby County Jury Commission, Shelby County Criminal Justice Center, the Shelby County Jail, the Shelby County Health Department, and the Shelby County Treasury as an attempt to assert a claim against Shelby
(continued...)

of Tennessee, Governor Bill Haslam, District Attorney Amy Weirich, Assistant District Attorneys Betty Wiseman and Megan Filer, Public Defender Alicia Jo Kutch, Judge Bobby Carter, Law Writers W. Mark Ward and David Louis Raybin, Shelby County Criminal Court Clerk Kevin Key, Jury Commissioner Clyde "Kit" Carson, Shelby County Sheriff Bill Oldham, Chief Jailer Robert Moore, Sergeant L. Hudson, Charlene McGhee, Wanda Boga, Lieutenant A. Sanderlin, Captain Kirk Fields, Captain Calvin Ester, Captain Amos Harrison, Unit Manager, Sergeant Dixon, Aramark, Barry Shaw, Pat Hart, Correct Care Solutions, Global Tel Link, Who's In Jail, Sheriff 411.org/navigation Page.aspx, JSSI and Jss systems, and Injail.Shelby-sheriff.org.

> Plaintiff's complaint alleges, in its entirety:
>
> Since April 22nd, 2013 and maybe before there has been a conspiracy to deprive me and others of all our civil and human rights. Mail has been tampered with. Phones have been manipulated. We have been treated inhumane putting our lives and health at risk. Our constitutional rights have been neglected and the law is not being followed as written. This place isn't up to health standards and is being run by itemidating [sic] task masters who strike fear in us and threaten us with the 4th floor or the hole. They are forging signatures on indictments.

(ECF No. 1 at PageID 2.) The prayer for relief states:

> I seek immediate relief to be exonerated of all charges, have my record cleared, expunged, and have all rights returned to me as a felony free citizen and not face reindictment nor double jeopardy. I seek actual damages of $400,000.00 and actionable damages of $800,000.00 and punitive damages of $100,000,000.00. I also want all guilty parties to face lengthy jail sentences, sanctions, and hefty fines. They all need to be taught a lesson and held libel [sic] for their actions, wrongdoings, and dishonesty towards the citizens of this city, county, and state. I also seek $1,000,000.00 in compensatory damages and the same relief Reginald Neely (2010), Richard Tabb (2013) and Mario in Div. 10 Beasley Jan. 14, 14 [sic].

(ECF No. 1 at PageID 4.)

---

[2](...continued)
County. The Clerk is directed to terminate the Shelby County District Attorneys' Office, the Shelby County Sheriff's Office, the Shelby County Public Defenders' Office, the Shelby County Criminal Court Clerk's Office, Shelby County Criminal Courts, the Shelby County Jury Commission, Shelby County Criminal Justice Center, the Shelby County Jail, the Shelby County Health Department, and the Shelby County Treasury as defendants.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and

3

> dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Secretary of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant

4

acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).[3] Alleged violations of Jail policy also are not actionable under § 1983. *See Storm v. Swiger*, No. 4:07 CV 2387, 2007 WL 3171491, at *3 (N.D. Ohio Oct. 29, 2007) (citing *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99, 111 (1995)).[4]

Plaintiff does not adequately allege a civil conspiracy. As the Sixth Circuit Court of Appeals has explained:

> In *Spadafore v. Gardner*, 330 F.3d 849 (6th Cir. 2003), we stated the standard governing a § 1983 conspiracy claim:
>
>> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.
>
> 330 F.3d at 854 (quoting *Hooks v. Hooks*, 771 F.2d 935, 943–44 (6th Cir. 1985)). Although circumstantial evidence may prove a conspiracy, "[i]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Id.* (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)); *accord Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004). That

---

[3]Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

[4]In *Levine*, 986 F.2d at 1515, a habeas case, the Court of Appeals stated that "[a] state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable."

pleading standard is "relatively strict." *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008).

*Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 563 (6th Cir. 2011). An assertion, unaccompanied by supporting facts, that parties conspired with each other is a legal conclusion that a court need not accept as true. *Id.* at 563-64 (collecting cases). Allegations of "a plan or agreement to violate [the plaintiff's] constitutional rights" is required. *Id.* at 564. Plaintiff's allegations that Defendants conspired with each other is entirely devoid of supporting facts.

In fact, the complaint contains no factual allegations against any of the defendants. When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Employees of Dep't of Pub. Health & Welfare v. Mo. Dep't of Pub. Health & Welfare*, 411 U.S. 279, 280 (1973); *see also Va. Office for Protection & Advocacy v. Stewart*, 131 S. Ct. 1632, 1638 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State.") (citations omitted). By its terms, the Eleventh Amendment bars all suits, regardless of the relief sought. *Pennhurst*, 465 U.S. at 100-01. Tennessee has not waived its sovereign immunity. Tenn. Stat. Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

The complaint does not assert a valid claim against Shelby County or the City of Memphis. When a § 1983 claim is made against a municipality, the court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Even if it were assumed that the complaint alleged a violation of Plaintiff's constitutional rights, the second issue would be dispositive of Plaintiff's claims against Shelby County and the City of Memphis.

A local government "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "Where a government 'custom has not received formal approval through the body's official decisionmaking channels,' such a custom may still be the subject of a § 1983 suit." *Alkire*, 330 F.3d at 815 (quoting *Monell*, 436 U.S. at 690-91). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually

responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)).

Although civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with particularity, *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993), the complaint must be sufficient to put the municipality on notice of the plaintiff's theory of liability, *see, e.g., Fowler v. Campbell*, Civil Action No. 3:06CV-P610-H, 2007 WL 1035007, at *2 (W.D. Ky. Mar. 30, 2007); *Yeackering v. Ankrom*, No. 4:05-CV-00018-M, 2005 WL 1877964, at *2 (W.D. Ky. Aug. 5, 2005); *Oliver v. City of Memphis*, No. 04-2074-B, 2004 WL 3316242, at *4 (W.D. Tenn. Dec. 2, 2004); *cf. Raub v. Corr. Med. Servs., Inc.*, No. 06-13942, 2008 WL 160611, at *2 (E.D. Mich. Jan. 15, 2008) (denying motion to dismiss where complaint contained conclusory allegations of a custom or practice); *Cleary v. Cnty. of Macomb*, No. 06-15505, 2007 WL 2669102, at *20 (E.D. Mich. Sept. 6, 2007) (same); *Morningstar v. City of Detroit*, No. 06-11073, 2007 WL 2669156, at *8 (E.D. Mich. Sept. 6, 2007) (same); *Chidester v. City of Memphis*, No. 02-2556 MA/A, 2006 WL 1421099, at *3 (W.D. Tenn. June 15, 2005). The complaint does not allege that Plaintiff suffered any injury arising from an unconstitutional policy or custom of Shelby County or the City of Memphis.

Any claims arising from Plaintiff's pending prosecution are barred by *Heck v. Humphrey*, in which the Supreme Court held:

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. 477, 486-87 (1994)(footnotes omitted). *See also Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995) (same) (footnotes omitted). Plaintiff has no cause of action under § 1983 if the claims in that action hinge on factual proof that would call into question the validity of a state court order directing his confinement unless and until any prosecution is terminated in his favor, his conviction is set aside, or the confinement is declared illegal. *Heck*, 512 U.S. at 481-82; *Schilling*, 58 F.3d at 1086. *Cf. Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (whenever the relief sought is release from prison, the only remedy is through a habeas petition, not a § 1983 complaint).

Here, *Heck* applies to bar Plaintiff's claims arising from his criminal prosecution. Plaintiff has not yet been convicted or had his conviction overturned on direct appeal. Plaintiff must have the conviction overturned on direct appeal or via collateral attack before any claims can accrue.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. Rhode Island*, 511 F. App'x 4, 5 (1st Cir. Feb. 22, 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Brown*, 511 F. App'x at 5; *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every sua sponte dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a sua sponte dismissal may stand."); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) ("*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). The factual allegations in Plaintiff's complaint are insufficient to persuade the Court to exercise its discretion to grant leave to amend.

Therefore, the Court DISMISSES Plaintiff's complaint for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1) and (b)(2). Judgment shall be entered for Defendants.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. When an appellant seeks to proceed *in forma pauperis* on appeal, the United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED.

If Plaintiff appeals the dismissal of this case, the Court is required to assess the $505 appellate filing fee.[5] In *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d at 951, the Sixth Circuit set out specific procedures for implementing the PLRA, 28 U.S.C. §§ 1915(a)-(b). Therefore, Plaintiff is

---

[5]Effective December 1, 2013, the appellate filing fee increased to $500. There is also a $5 charge for filing the notice of appeal under 28 U.S.C. § 1917.

instructed that, if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures outlined in *McGore* and 28 U.S.C. § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the second dismissal[6] of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 733 F.3d 175, 177-78 (6th Cir. 2013), *cert. granted,* 135 S. Ct. 43 (2014) (Nos. 13-1333, 13A985).

IT IS SO ORDERED.

      **s/James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[6]*See Jones v. Shelby County, et al.*, No. 14-2846-JDT-cgc (W.D. Tenn. Jan. 12, 2015) a § 1983 complaint dismissed as failing to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)and 1915A(b)(1) and (b)(2).